O     JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-347 AHM (SHx) | Date | March 9, 2011 |
|---|---|---|---|
| Title | AURORA LOAN SERVICES v. MIGUEL RODRIGUEZ PEREZ, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:   Attorneys **NOT** Present for Defendants:

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

     On December 16, 2010, Plaintiff Aurora Loan Services filed an unlawful detainer action in San Bernardino County Superior Court naming Miguel Rodrigeuz Perez ("Defendant") and Does 1-10 as defendants. On March 1, 2011, Defendant removed this action to federal court, apparently on the basis of federal question jurisdiction. NOR ¶ 6.

     A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987).

     Defendant claims a federal question exists "because it is a civil action involving a debt under a Federal Question a Loan [sic] secured against a real property . . . [in] an amount that exceeds $703,989.87." NOR ¶ 6. A federal court has jurisdiction over claims "arising under" federal law. 28 U.S.C. § 1331. The federal question must be clear from the well-pleaded complaint that was filed in state court; a responsive pleading such as a counterclaim, cross-claim, third-party claim, or notice of removal cannot form the basis for federal question jurisdiction, nor can affirmative defenses. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002); *see also* William W. Schwarzer, et al., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL (2010) §§ 2:701, 2:704.5. The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute – here, Defendant. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Jurisdiction is assessed as of the time of removal. *Ghaderi v. United Airlines*, 136

O     JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-347 AHM (SHx) | Date | March 9, 2011 |
|---|---|---|---|
| Title | AURORA LOAN SERVICES v. MIGUEL RODRIGUEZ PEREZ, et al. | | |

F. Supp. 2d 1041 (N.D. Cal. 2001).

     In this case, the underlying complaint for unlawful detainer clearly does not present a federal question and Defendant's own allegations in the petition for removal cannot establish a federal question. Therefore, there is no basis for federal question jurisdiction.

     In addition, this action cannot be removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Federal diversity jurisdiction demands an amount in controversy exceeding $75,000, and "[t]he amount in controversy is determined from the allegations or prayer of the complaint." Schwarzer, *supra*, § 2:450 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.* 303 U.S. 283, 289 (1938)). Here, there is no allegation anywhere in the complaint suggesting the amount in controversy exceeds $75,000. Quite the opposite. The underlying unlawful detainer action is a limited civil case, meaning the amount demanded must be less than $25,000. In fact, Plaintiff affirmatively states in its complaint that it does not seek more than $10,000. Therefore, there is no basis for diversity jurisdiction.

     Accordingly, the Court ORDERS, on its own motion, that this action be **remanded** to San Bernardino County Superior Court for lack of jurisdiction.

                                                                                             :

Initials of Preparer    se